# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMA MARYANN MARGARET LOVETT, | NO. EDCV 18-00338-MWF (E) |
| Petitioner, | |
| v. | ORDER OF DISMISSAL |
| DARAL ADAMS, Warden, | |
| Respondent. | |

## PROCEEDINGS

Petitioner filed a "Petition for Writ of Habeas Corpus By a Person in State Custody" on February 15, 2018. Respondent filed a "Motion to Dismiss Petition for Writ of Habeas Corpus" ("Motion to Dismiss") on April 11, 2018. The Motion to Dismiss contends that the Petition is successive, untimely and procedurally defaulted. By Minute Order filed on April 11, 2018, the Magistrate Judge ordered Petitioner to file opposition to the Motion to Dismiss within thirty (30) days of April 11, 2018. On May 14, 2018, Petitioner's aunt Marla Bowers, purporting to act as a "next friend," filed: (1) "Petitioner[']s [sic]

answer to respondent's motion to dismiss" and supporting documents; and (2) a "Motion 'Next of Friend' [sic]." Petitioner herself did not file any opposition to the Motion to Dismiss within the allotted time.

**BACKGROUND**

In 2013, a jury found Petitioner and her husband guilty of sex offenses against their young daughter (Petition, p. 2; see People v. E.L., 2015 WL 5064089 (Cal. App. Aug. 27, 2015)). Petitioner received a sentence of seventy-five years to life (Petition, p. 2).

The Court of Appeal affirmed (Respondent's Lodgment 1; see People v. E.L., 2015 WL 5064089 (Cal. App. Aug. 27, 2015)). The California Supreme Court denied Petitioner's petition for review summarily (Respondent's Lodgment 2).

On October 21, 2016, Petitioner filed a habeas corpus petition in this Court challenging her 2013 conviction. See Lovett v. Johnson EDCV 16-2221-DSF (AJW). Twelve days later, on November 2, 2016 Petitioner filed a another habeas corpus petition in this Court challenging her 2013 conviction. See Lovett v. Johnson, EDCV 16-2286-R (AJW). The petition in Lovett v. Johnson, EDCV 16-2286-R (AJW) was identical to the petition in Lovett v. Johnson, EDCV 16-2221-DSF (AJW).

On November 10, 2016, the Magistrate Judge issued a Report and Recommendation addressing the merits of the petition in Lovett v. Johnson EDCV 16-2286-R (AJW) and recommending denial of that petition. On January 3, 2017, the District Judge in Lovett v. Johnson, EDCV 16-

2286-R (AJW) issued an Order accepting the Report and Recommendation. Judgment was entered on January 5, 2017 in <u>Lovett v. Johnson</u>, EDCV 16-2286-R (AJW).

On June 13, 2017, the District Judge filed a "Memorandum and Order Dismissing Petition Without Prejudice" in <u>Lovett v. Johnson</u>, EDCV 16-2221-DSF (AJW). This order dismissed the petition in that case on the ground that the petition was duplicative of the previously adjudicated petition in <u>Lovett v. Johnson</u>, EDCV 16-2286-R (AJW). Judgment was entered on June 21, 2017 in <u>Lovett v. Johnson</u>, EDCV 16-2221-DSF (AJW).

While Petitioner was pursuing federal habeas relief, she also filed a series of habeas corpus petitions in the California Supreme Court, on November 9, 2016, October 2, 2017 and December 12, 2017, all of which were denied (Respondent's Lodgments 8, 9, 10, 11, 12, 13).

**DISCUSSION**

**I.   Ms. Bowers Is Not Entitled to Proceed as Petitioner's Purported "Next Friend."**

Ms. Bowers is not entitled to proceed as Petitioner's "next friend" for at least two reasons. First, Ms. Bowers has not provided an adequate explanation, supported by evidence, why Petitioner "cannot appear on [her] own behalf to prosecute the action." See <u>Whitmore v. Arkansas</u>, 495 U.S. 149, 163 (1990). Second, and in any event, Ms. Bowers cannot proceed as Petitioner's "next friend" because Ms. Bowers is <u>pro se</u>. See <u>Simon v. Hartford Life, Inc.</u>, 546 F.3d 661, 664 (9th

3

Cir.2008) ("courts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity") (citing cases; footnote omitted). Although the federal habeas corpus statute permits a "next friend" to pursue a habeas action on behalf of another in certain circumstances, see 28 U.S.C. section 2246, the statute does not authorize the "next friend" to proceed without an attorney. See Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1127 (9th Cir. 2007), cert. denied, 552 U.S. 1281 (2008) and 555 U.S. 814 (2008) (although False Claims Act authorized a relator to bring a qui tam action on behalf of the government, statute did not authorize relator to proceed pro se); see also Weber v. Garza, 570 F.2d 511, 514 (5th Cir. 1978) ("individuals not licensed to practice law by the state may not use the 'next friend' device as an artifice for the unauthorized practice of law").

Ms. Bowers' representation that a "paralegal" named Matthew Monaco will prepare "all motions and responses" in the action if Ms. Bowers is granted "next friend" status is unavailing. See L.R. 83-2.2.1 ("Any person representing himself or herself in a case without an attorney must appear pro se for such purpose. That representation may not be delegated to any other person -- even a spouse, relative, or co-party in the case. A non-attorney guardian for a minor or incompetent person must be represented by counsel."). The website of the California State
///
///
///
///

Bar, of which the Court takes judicial notice,[1] does not list Mr. Monaco as an attorney licensed to practice law in this state. Accordingly, Ms. Bowers' "next friend" motion must be denied.

**II.   The Petition is Second or Successive.**

Section 2244(b) of Title 28, United States Code, requires that a petitioner seeking to file a "second or successive" habeas petition first obtain authorization from the Court of Appeals. See Burton v. Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive authorization from Court of Appeals before filing "second or successive" petition, "the District Court was without jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) ("the prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced"). A petition need not be repetitive to be "second or successive," within the meaning of 28 U.S.C. section 2244(b). See, e.g., Thompson v. Calderon, 151 F.3d 918, 920-21 (9th Cir.) (en banc), cert. denied, 524 U.S. 965 (1998); Calbert v. Marshall, 2008 WL 649798, at *2-4 (C.D. Cal. Mar. 6, 2008).

---

[1]   See White v. Martel, 601 F.3d 882, 885 (9th Cir.), cert. denied, 562 U.S. 896 (2010) (taking judicial notice of state bar records); Monclova-Chavez v. McEachern, 2018 WL 2106481, at *3 n.1 (E.D. Cal. May 7, 2018) (The Court may take judicial notice of the State Bar of California's website regarding attorneys' admission status. These facts can be "accurately and readily determined from the website, and the site's accuracy regarding this information "cannot reasonably be questioned.") (citation and internal quotations omitted).

The present Petition challenges the same conviction which was the subject of Petitioner's two prior identical federal petitions, including the petition in <u>Lovett v. Johnson</u>, EDCV 16-2286-R (AJW), which the Court denied on the merits. Petitioner evidently has not yet obtained authorization from the Ninth Circuit Court of Appeals to file another federal habeas petition.[2] Consequently, this Court cannot entertain the present Petition. See <u>Burton v. Stewart</u>, 549 U.S. at 157; <u>Remsen v. Att'y Gen. of Calif.</u>, 471 Fed. App'x 571, 571 (9th Cir. 2012) (if a petitioner fails to obtain authorization from the Court of Appeals to file a second or successive petition, "the district court lacks jurisdiction to consider the petition and should dismiss it.") (citation omitted).

In attempted avoidance of this conclusion, Ms. Bowers argues that Petitioner supposedly authorized only the filing of the prior federal petition in <u>Lovett v. Johnson</u>, EDCV 16-2221-DSF (AJW), and assertedly did not authorize the filing of the prior federal petition in <u>Lovett v. Johnson</u>, EDCV 16-2286-R (AJW) (the case that went to judgment on the merits). As indicated above, Ms. Bowers is not entitled to proceed as Petitioner's purported "next friend" in this action. Moreover, and in any event, Ms. Bowers' argument is meritless. As indicated above, the petitions in <u>Lovett v. Johnson</u>, EDCV 16-2286-R (AJW) and <u>Lovett v. Johnson</u>, EDCV 16-2221-DSF (AJW) were identical. The Court rejected on

---

[2] The Court takes judicial notice of the docket of the United States Court of Appeals for the Ninth Circuit, available on the PACER database. See <u>Mir v. Little Company of Mary Hosp.</u>, 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records). The Ninth Circuit's docket does not show that any individual named Emma Lovett has obtained any order from the Ninth Circuit permitting the filing of a second or successive habeas petition in this Court.

the merits Petitioner's previous federal habeas challenge to her conviction, and section 2244(d) bars the present Petition in the absence of Ninth Circuit authorization which Petitioner has not yet obtained.

**ORDER**

For the foregoing reasons: (1) Ms. Bowers' "Motion 'Next of Friend' [sic]" is denied; and (2) the Petition is denied and dismissed without prejudice.[3]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: June 28, 2018

_____
MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE

PRESENTED this 23rd day of
May, 2018, by:

_____/S/_____
      CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[3] In light of this disposition, the Court need not, and does not, determine whether any future Petition which Petitioner might file would be timely or barred by procedural default.